Filed 8/1/25  P. v. Gibson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B334296 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA016268) |
| v. | |
| CLARENCE ALBERT GIBSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed.

Danalynn Pritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

Clarence Gibson appeals the denial of his petition for resentencing under Penal Code[1] section 1172.6 following an evidentiary hearing. He argues there is insufficient evidence to support the superior court's finding that appellant was a major participant who acted with reckless indifference to human life during the course of a robbery. We disagree and affirm.

## FACTS AND PROCEDURAL BACKGROUND

### 1. Robbery and shooting

On the evening of Friday, March 23, 1990, appellant was drinking on a porch with Tyrone Randall (Randall) and several others. Appellant expressed a need for money and proposed " 'doing a jack,' " i.e., robbing someone. Randall responded, " 'Let's roll.' " Appellant and Randall each pulled a gun, and Randall "opened the chambers" on his gun to confirm there were bullets "and closed it back." The two men left the group and walked toward an intersection to find a victim, with several other men in tow. A truck stopped, and appellant and Randall each faced the driver's side of the truck. Either appellant or Randall shot the driver dead. The victim's wallet was taken and the cash in it distributed among appellant, Randall, and other men at the scene.

### 2. Conviction and appeal

In 1991, a jury convicted appellant of robbery (§ 211) and first degree murder (§ 187, subd. (a)) "during the commission of the crime of Robbery," and found true a personal firearm use allegation (§ 12022.5, subd. (a)).

Appellant's conviction was affirmed on direct appeal. (*People v. Randall* (Dec. 27, 1993, B066355 [nonpub. opn.].)

---

[1] Undesignated statutory references are to the Penal Code.

### 3. 1172.6 petition, summary denial, and appeal

In 2018, appellant filed a petition for resentencing under section 1172.6. After appointing counsel and entertaining briefs, the superior court denied appellant's petition, concluding he had not made a prima facie showing of entitlement to relief.

Appellant appealed, and this court reversed and remanded for the superior court to conduct an evidentiary hearing. (*People v. Gibson* (Aug. 11, 2022, B312655 [nonpub. opn.].)

### 4. Denial after evidentiary hearing

On remand, the trial court held an evidentiary hearing at which appellant testified that law enforcement conspired against him and that the victim had not in fact been killed. The People relied on the transcripts from the underlying trial. The superior court found beyond a reasonable doubt that appellant was either the actual killer or an aider and abettor, and that he was also guilty under a still valid theory of felony murder because he was a major participant in the robbery who acted with reckless indifference to human life.

## DISCUSSION

Appellant argues that substantial evidence does not support the superior court's finding that he was a major participant in the robbery who acted with reckless indifference to human life. Because this issue is dispositive, we do not reach appellant's arguments regarding other theories of liability (actual killer and direct aider and abettor).

### 1. Section 1172.6, generally

Under the ameliorative changes in the law effected by Senate Bill No. 1437 (Stats. 2018, ch. 1015), malice must be proved to convict a principal of murder, except under the narrowed felony-murder rule set forth in section 189, subdivision

(e), and may not be imputed based solely on an individual's participation in a crime (§ 188, subd. (a)(3)), thereby eliminating the natural and probable consequences doctrine as a basis for convicting a defendant of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843, 847 (*Gentile*)).  The amended felony-murder law requires the People to prove specific facts relating to the defendant's individual culpability:  The defendant was the actual killer (§ 189, subd. (e)(1)); although not the actual killer, the defendant assisted in the commission of the murder with the intent to kill (§ 189, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life, "as described in subdivision (d) of Section 190.2."  (§ 189, subd. (e)(3); *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

Section 1172.6 permits an individual convicted of felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of Senate Bill No. 1437's changes to the definitions of the crime.  (*Strong, supra*, 13 Cal.5th at p. 708; *People v. Lewis* (2021) 11 Cal.5th 952, 957; *Gentile, supra*, 10 Cal.5th at p. 843.)

If the petitioner makes the requisite prima facie showing he or she falls within the provisions of section 1172.6 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts.  (§ 1172.6, subds. (c) & (d).)

At the evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the

4

petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) The court may consider evidence "previously admitted at any prior hearing or trial that is admissible under current law." (*Ibid*.) If the superior court applied the proper standard and burden of proof, the denial of a petition after an evidentiary hearing is reviewed for substantial evidence. (*People v. Vargas* (2022) 84 Cal.App.5th 943, 951; *People v. Ramirez* (2021) 71 Cal.App.5th 970, 985 (*Ramirez*).)

## 2.     The *Banks* and *Clark* factors

The overlapping factors for assessing whether a defendant was a major participant in an underlying serious felony and acted with reckless indifference to human life for purposes of section 190.2, subdivision (d), and thus for section 189, subdivision (e)(3), were identified in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522, and reiterated more recently in *In re Scoggins* (2020) 9 Cal.5th 667 (*Scoggins*).

To determine whether a defendant was a major participant in one of the specified felonies, the *Banks* court listed the following factors:  "What role did the defendant have in planning the criminal enterprise that led to one or more deaths?  What role did the defendant have in supplying or using lethal weapons?  What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants?  Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death?  What did

5

the defendant do after lethal force was used?" (*Banks*, *supra*, 61 Cal.4th at p. 803, fn. omitted.)

As to whether a defendant acted with reckless indifference to human life, the Supreme Court enumerated the following nonexclusive factors: "Did the defendant use or know that a gun would be used during the felony? How many weapons were ultimately used? Was the defendant physically present at the crime? Did he or she have the opportunity to restrain the crime or aid the victim? What was the duration of the interaction between the perpetrators of the felony and the victims? What was the defendant's knowledge of his or her confederate's propensity for violence or likelihood of using lethal force? What efforts did the defendant make to minimize the risks of violence during the felony?" (*Scoggins*, *supra*, 9 Cal.5th at p. 677; accord, *Banks*, *supra*, 61 Cal.4th at p. 808.) " ' "[N]o one of these considerations is necessary, nor is any one of them necessarily sufficient." ' " (*Scoggins*, *supra*, 9 Cal.5th at p. 677.) Courts must view "the totality of the circumstances to determine whether [the defendant] acted with reckless indifference to human life." (*Ibid.*) Courts have recognized youth as another factor bearing on whether a defendant acted with reckless indifference to human life. (E.g., *People v. Keel* (2022) 84 Cal.App.5th 546, 558–559; *Ramirez*, *supra*, 71 Cal.App.5th at pp. 990–991; *In re Moore* (2021) 68 Cal.App.5th 434, 454–455.)

3.    **Substantial evidence supports the trial court's finding that appellant was a major participant who acted with reckless indifference to human life**

Ample evidence shows that appellant was a major participant in the robbery. He was the one who proposed it, and he then armed himself before he and Randall went off in search

6

of a victim.  He also saw Randall check his own gun to make sure he had bullets in it.  The men selected a victim together, and they were both facing the driver's side of the truck when one of them shot the driver dead.  The men then took the cash from the man's wallet and left his body behind to share the loot with their comrades.

Substantial evidence also shows appellant acted with reckless indifference to human life.  Not only did appellant carry a gun himself, but he was also aware that Randall was armed and watched as Randall confirmed that his gun was loaded. Appellant did nothing to minimize the risk of violence.  Although it is unclear how long the interaction lasted, appellant and Randall's decision to rob someone who was in the driver's seat of a truck increased the risk that shooting the victim would be necessary, lest the victim step on the gas and drive away.  (See *People v. Mitchell* (2022) 81 Cal.App.5th 575, 592.)  That appellant was present on the driver's side when the shooting occurred suggests he had an opportunity to restrain Randall from shooting the driver (assuming appellant was not himself the shooter).  The totality of the circumstances show appellant was willing to resort to killing the victim to carry out the robbery. (See *Scoggins*, *supra*, 9 Cal.5th at pp. 676–677 ["Reckless indifference 'encompasses a willingness to kill (or to assist another in killing) to achieve a distinct aim, even if the defendant does not specifically desire that death as the outcome of his actions' "].)[2]

---

[2] Appellant's opening brief contains no argument concerning his youth at the time of the shooting, but we note that the superior court properly considered this factor in reaching its conclusion.

7

## DISPOSITION

The order denying appellant's petition for resentencing is affirmed.

NOT TO BE PUBLISHED.



LUI, P. J.


We concur:



CHAVEZ, J.



RICHARDSON, J.